IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. SISNEROZ, | 1:05-CV-0519 AWI LJO P |
| Plaintiffs, | ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK OF COURT TO OPEN FOUR NEW ACTIONS FOR PLAINTIFFS MARTINEZ, HURTADO, CHAMPAGNE AND SIMMONS |
| vs. | |
| BILL WHITMAN, Sheriff,, et al., | |
| Defendants. | [Doc. 1] |

I.    <u>Severance of Plaintiffs' Claims</u>

Plaintiffs Frank E. Sisneroz, Joe Martinez, Manuel Hurtado, Alvin Champagne and Robert Simmons are civil detainees proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. After reviewing the record in this action, the Court has determined that each plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "parties may be dropped or added by order of the Court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "any claim against a party may be severed and proceeded with separately." Courts have broad discretion regarding severance. See <u>Davis v. Mason</u>

1  County, 927 F.2d 1473, 1479 (9th Cir. 1991).

2  In the instant action, all five (5) Plaintiffs are in the custody at the Atascadero State Hospital, 10333 El Camino Real, P.O. Box 7001, Atascadero, CA 93423-7001.  In this Court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs is incarcerated presents procedural problems that cause delay and confusion.  Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals.  In this case, the need for the Plaintiffs to agree on all filings made in this action and the need for all filings to contain the original signatures of all five (5) Plaintiffs will lead to delay and confusion.

Accordingly, the Court shall order Plaintiffs' claims severed.  Plaintiff Sisneroz will proceed in this action, while Plaintiffs Martinez, Hurtado, Champagne and Simmons will proceed in separate civil actions to be opened by the Clerk of the Court.  Each plaintiff shall proceed separately and shall be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new actions to the same district judge and magistrate judge assigned to the instant action.  The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Since the claims of Plaintiffs Martinez, Hurtado, Champagne and Simmons will be severed, each Plaintiff shall be given thirty (30) days to file, in his own action, an Amended Complaint and a completed Application for Lave to Poceed In Forma Pauperis, using the forms provided by the Court with this order.

II.  Plaintiff Sisneroz's' Application to Proceed In Forma Pauperis

Plaintiff Sisneroz has filed an application to proceed in forma pauperis correctly filled out and signed by a prison official.   In addition, the form was accompanied by a certified copy of Plaintiff Sisneroz's  prison trust account statement.  The Court will rule on Plaintiff Sisneroz Application to Proceed In Forma Pauperis in a separate order.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Sisneroz SHALL proceed as the sole Plaintiff in case number 1:05-CV-0519-

AWI-LJO-P;

2. The claims of Plaintiffs Martinez, Hurtado, Champagne and Simmons are severed from the claims of Plaintiff Sisneroz;

3. The Clerk of the Court is directed to:

   a. Open four separate civil actions for Plaintiffs Martinez, Hurtado, Champagne and Simmons;

   b. Assign the new actions to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

   c. File and docket a copy of this order in the new actions opened for Plaintiffs Martinez, Hurtado, Champagne and Simmons;

   d. Place a copy of the Complaint filed on April 20, 2005, in the instant action in the new actions opened for Plaintiffs Martinez, Hurtado, Champagne and Simmons;

   e. Place a copy of the Application to Proceed In Forma Pauperis filed by each Plaintiff, Martinez, Hurtado, Champagne and Simmons, in his respective new case file;

   f. Send Plaintiffs Martinez, Hurtado, Champagne and Simmons each an endorsed copy of the complaint, filed April 20, 2005, bearing the case number assigned to his own individual action; and

   g. Send Plaintiffs Martinez, Hurtado, Champagne and Simmons each a blank civil rights Complaint form; and

4. Within **THIRTY (30) DAYS** from the date of service of this Order, Plaintiffs Martinez, Hurtado, Champagne and Simmons shall each file an **Amended Complaint bearing his new case number and either pay the filing fee in full or submit a completed Application to Proceed In Forma Pauperis bearing his new case number.** Plaintiffs are advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As

3

a general rule, an Amended Complaint supersedes the original Complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the **NEW** case number assigned to them, and be an original signed under penalty of perjury; and

5. **The failure to comply with this order will result in a recommendation that the action be dismissed.**

IT IS SO ORDERED.

**Dated:   August 2, 2005**           /s/ Lawrence J. O'Neill
b6edp0                                   UNITED STATES MAGISTRATE JUDGE